IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STEVEN DAY,

    Petitioner,                                  No. CIV S-11-0056 GGH P

    vs.

RICHARD B. IVES,

    Respondent.                               <u>ORDER</u>

_____/

        Petitioner is a federal prisoner proceeding pro se with an application for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Pending before the court is respondent's motion to dismiss (MTD), filed on July 14, 2011, to which petitioner filed an opposition on July 25, 2011. Respondent contends that petitioner has not exhausted administrative remedies, this court lacks subject matter jurisdiction and the issue is moot. Petitioner, who is incarcerated at Federal Correctional Institution (FCI) - Herlong, argues that he was wrongfully denied eligibility for a year off his sentence for successfully completing the Bureau of Prisons (BOP) Residential Drug Abuse Program (RDAP).[1]

---

[1] RDAP is an intensive drug treatment program for federal inmates with documented substance abuse problems. The program utilizes both individual/ group activities and requires at least 500 hours of treatment over a period of 6 to 12 months. Treatment is conducted in a unit set

1

Petition

On December 9, 2008, petitioner was sentenced to a 60 month term of imprisonment for possessing a firearm in furtherance of a drug trafficking crime. On June 1, 2009, petitioner submitted a request to participate in RDAP. MTD, Exh. 4. On December 16, 2009, BOP officials evaluated petitioner for RDAP and indicated that he would not be eligible for early release with RDAP due to the use of a firearm in his underlying conviction. MTD, Exh. 6. Nevertheless, petitioner still participated in RDAP. Somewhat confusingly, petitioner purportedly completed RDAP on October 15, 2010, (Doc. 8 at 3; MTD, Exh. 5), but then withdrew from and failed RDAP on January 31, 2011, (MTD, Exhs. 5, 7). Petitioner filed the instant petition on December 21, 2010.

Mootness

Respondent argues that this case is moot as petitioner voluntarily withdrew from the RDAP program on January 31, 2011. While this is accurate, BOP records also indicate that petitioner successfully completed RDAP on October 15, 2010. Respondent does not address how petitioner could successfully complete the program and then later withdraw. Perhaps petitioner started a second round or a second program, but without any explanation the undersigned cannot address this claim

Exhaustion

Respondent's exhaustion argument is that petitioner filed a grievance with the warden (MTD: Exh. 2), which was denied, but failed to appeal to the next level, the BOP Regional Director. Though, respondent does not include any exhibits to support this assertion or any exhibits showing petitioner's appeal history.

Petitioner states he submitted an appeal to the Regional Director but received no

---

apart from the general prison population and is followed by institutional and/or community-based transitional programs. Successful completion of RDAP can result in up to a one-year reduction in a prisoner's sentence. Reeb v. Thomas, 636 F.3d 1224, 1225 (9th Cir. 2011)

response. Though petitioner includes no exhibits to support his contention.

<u>Jurisdiction</u>

As petitioner's underlying offense involved a firearm, a threshold question for a RDAP issue is if the petitioner requested to participate in RDAP prior to March 16, 2009. On March 16, 2009, the BOP implemented new regulations, 28 C.F.R. 550.55, which provides that inmates whose current offense involved the carrying, possession or use of a firearm or other dangerous weapon or explosive were not eligible for RDAP early release.[2]

In the instant case, respondent argues that June 1, 2009, was the first time petitioner requested RDAP and when it was later approved it was specifically noted that petitioner would not be eligible for early release due to the new regulations. Petitioner does not offer a specific day when he first requested RDAP but argues that "it is a reasonable inference that petitioner submitted his request for RDAP prior to 3/16/09". Opposition at 5. Petitioner bases this contention on a response to an inmate appeal, where the BOP conceded that it did not know the exact date of petitioner's earlier RDAP request, stating:

> [Petitioner] requested to participate in RDAP via Request to staff (cop out). Staff responded to his request on the form and returned it to him. He was screened by DTS in June 2009, no showed more than one appointment for his diagnostic interview, and then requested to delay being placed on the waiting list due to unit team related concerns. When asked, [petitioner] said he did not retain a copy of his cop out. A copy is not included in his RDAP file, since it was returned to him. Without the cop out to establish the date [petitioner] first applied to RDAP, we may have insufficient documentation to establish that he applied to RDAP under the program statements in effect prior to March 16, 2009.

Opposition, Exh. A.

It seems even prison officials were not sure how to proceed or when petitioner first requested RDAP.

Within twenty-eight days respondent shall file additional exhibits regarding

---

[2] This applied to institutions in the 9th Circuit in light of <u>Arrington v. Daniels</u>, 516 F.3d 1106 (9th Cir. 2008), that invalidated prior regulations that did not articulate a rationale for categorically excluding from early release those inmates convicted of nonviolent offenses involving firearms.

petitioner's appeal history to demonstrate that petitioner actually failed to properly exhaust this claim.  Additionally, respondent shall address and file any exhibits that are necessary which discuss if petitioner did or did not request RDAP prior to March 16, 2009.  If no exhibits exist to shed light on either the exhaustion or jurisdiction claims respondent shall provide a declaration from the prison stating that there are no records that address these issues.

Accordingly, IT IS HEREBY ORDERED that within twenty-eight days respondent shall file additional exhibits regarding petitioner's appeal history to demonstrate that petitioner actually failed to properly exhaust this claim.  Additionally, respondent shall address and file any exhibits that are necessary which discuss if petitioner did or did not request RDAP prior to March 16, 2009.  If no exhibits exist to shed light on these claims respondent shall provide a declaration from the prison stating that there are no records that address these issues.

DATED: September 19, 2011

   /s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

GGH: AB
day0056.ord2