IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STEVEN DAY,

                Petitioner,                No. CIV S-11-0056 GGH P

     vs.

RICHARD B. IVES,               ORDER &

                Respondent.       FINDINGS AND RECOMMENDATIONS

_____/

Introduction

         Petitioner is a federal prisoner proceeding pro se with an application for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Pending before the court is respondent's motion to dismiss (MTD), filed on July 14, 2011, to which petitioner filed an opposition on July 25, 2011. Respondent contends that petitioner has not exhausted administrative remedies, this court lacks subject matter jurisdiction and the issue is moot.  Petitioner, who is incarcerated at Federal Correctional Institution (FCI) - Herlong, argues that he was wrongfully denied eligibility for a year off his sentence for successfully completing the Bureau of Prisons (BOP) Residential Drug Abuse Program (RDAP).[1]

---

[1] RDAP is an intensive drug treatment program for federal inmates with documented substance abuse problems.  The program utilizes both individual and group activities and

1    On September 20, 2011, the undersigned issued a further briefing order stating:

2    [W]ithin twenty-eight days respondent shall file additional exhibits regarding
3    petitioner's appeal history to demonstrate that petitioner actually failed to properly
     exhaust this claim.  Additionally, respondent shall address and file any exhibits
4    that are necessary which discuss if petitioner did or did not request RDAP prior to
     March 16, 2009.  If no exhibits exist to shed light on these claims respondent shall
5    provide a declaration from the prison stating that there are no records that address
     these issues.

6    Doc. 19.  Respondent timely filed additional briefing.  Doc. 23.

7    Petition

8         On December 9, 2008, petitioner was sentenced to a 60 month term of

9    imprisonment for possessing a firearm in furtherance of a drug trafficking crime.  On June 1,

10   2009, petitioner submitted a request to participate in RDAP.  MTD, Exh. 4.  Petitioner was

11   interviewed for the program just two days later on June 3, 2009.  MTD, Exh. 6.  On December

12   16, 2009, BOP officials evaluated petitioner for RDAP and indicated that he would not be

13   eligible for early release with RDAP due to the use of a firearm in his underlying conviction.  Id.

14   Nevertheless, petitioner still participated in RDAP.  Somewhat confusingly, petitioner completed

15   RDAP on October 15, 2010, (Doc. 8 at 3; MTD, Exh. 5), but then failed, or "withdrew" from,

16   RDAP on January 31, 2011, (MTD, Exhs. 5, 7).  Petitioner filed the instant petition on December

17   21, 2010.

18   Motion to Dismiss

19        Mootness

20        Respondent argues that this case is moot as petitioner voluntarily withdrew from

21   the RDAP program on January 31, 2011.  While this is partially accurate, BOP records also

22   indicate that petitioner successfully completed RDAP on October 15, 2010.  In the further

23   ───────────────

24   requires at least 500 hours of treatment over a period of 6 to 12 months.  Treatment is conducted
     in a unit set apart from the general prison population and is followed by institutional and/or
25   community-based transitional programs.  Successful completion of RDAP can result in up to a
     one-year reduction in a prisoner's sentence.  Reeb v. Thomas, 636 F.3d 1224, 1225 (9th Cir.
26   2011)

briefing order the undersigned noted the inconsistences that indicated petitioner had completed

RDAP.  Petitioner included a certificate that indicated he completed RDAP on October 15, 2010,

and it is signed by L. Russell, Ph.D., Drug Abuse Program Coordinator and J. Morgan, Drug

Treatment Specialist.  Doc. 8 at 3.  In addition, BOP records in respondent's motion to dismiss

contain an entry for petitioner and RDAP also on October 15, 2010, that states "COMP," which

the undersigned believes could indicate completed.[2]  MTD, Exh. 5.  While it was possible the

undersigned was misreading the BOP records, respondent chose not to address the evidence that

demonstrates petitioner completed RDAP in the additional briefing, instead simply citing to the

records that indicate petitioner withdrew.  As it is arguable that petitioner completed RDAP,

respondent has failed to demonstrate that this case is moot.

    Exhaustion

        There is no statutory requirement, pursuant to 28 U.S.C. § 2241, that federal

prisoners must exhaust administrative remedies before filing a habeas corpus petition in court,

thus it is not a jurisdictional prerequisite.  Brown v. Rison, 895 F.2d 533, 535 (9th Cir. 1990),

overruled on other grounds by Reno v. Koray, 515 U.S. 50, 115 S. Ct. 2021 (1995).

Nevertheless, federal courts "require as a prudential matter, that habeas petitioners exhaust

available judicial and administrative remedies before seeking relief under § 2241....  Prudential

limits, like jurisdictional limits and limits on venue, are ordinarily not optional." Castro-Cortez

v. INS, 239 F.3d 1037, 1047 (9th Cir. 2001), abrogated on another ground by Fernandez-Vargas

v. Gonzales, 548 U.S. 30, 126 S. Ct. 2422 (2006); see also, Cristobal v. Cruz, 2007 WL 2746742

*1 (N.D. Cal. 2007).  Thus, while "courts have discretion to waive the exhaustion requirement

when prudentially required, this discretion is not unfettered."  Laing v. Ashcroft, 370 F.3d 994,

---

[2] The undersigned notes that immediately under this entry is another RDAP entry for January 31, 2011, that states "FAIL," which corresponds when respondent states petitioner withdrew from RDAP.  As the "FAIL" and "COMP"are placed in the same places next to the respective entries, it would seem to be a reasonable assumption that "COMP" stands for completed.

998 (9th Cir. 2004).  Requiring administrative exhaustion (1) allows for "the appropriate agency to develop a factual record and apply its expertise" which "facilitates judicial review"; (2) permits agencies to grant the requested relief thus conserving judicial resources; and (3) "fosters administrative autonomy" by providing agencies an opportunity to correct their own mistakes. Sanders v. Warden, USP-Allenwood, 2008 WL 4006755 *1  (M.D. Pa. 2008), quoting Moscato v. Federal Bureau of Prisons, 98 F.3d 757, 761-62 (3d  Cir. 1996).  Nonetheless, as articulated by the Ninth Circuit:

> [w]e do not hold that the exhaustion requirement can never be waived.  In *S.E.C. v. G.C. George Sec., Inc.*, 637 F.2d 685, 688 (9th Cir. 1981), we noted that "there are a number of exceptions to the general rule requiring exhaustion, covering situations such as where administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void."  See also *Beharry v. Ashcroft*, 329 F.3d 51, 62 (2nd Cir. 2003) ("Specifically, exhaustion of administrative remedies may not be required when (1) available remedies provide no genuine opportunity for adequate relief; (2) irreparable injury may occur without immediate judicial relief; (3) administrative appeal would be futile; and (4) in certain instances a plaintiff has raised a substantial constitutional question.") (internal quotation marks omitted). Similar concerns govern a court's determination of whether to excuse a failure to exhaust judicial remedies.

Laing v. Ashcroft, 337 F.3d  at 1000-01; see also, Murgia v. Copenhaver, 2009 WL 3707113 *2 (N. D. Cal. 2009).

> The administrative appeal process in the BOP is as follows:

> The Bureau of Prisons ("BOP") has established a multi-tier system by which a prisoner may seek formal review of any aspect of his imprisonment. See 28 C.F.R. §§ 542.10-542.16 (1994). First, "[i]nmates shall informally present their complaints to staff, and staff shall attempt to informally resolve any issue before an inmate files a request for Administrative Remedy." *Id.*, at § 542.13(a). Second, "[i]f an inmate is unable to informally resolve his complaint, he may file a formal written complaint [to the warden], on the appropriate form, within twenty (20) calendar days of the date on which the basis of the complaint occurred." *Id.*, at § 542.15(a). In the event the inmate is dissatisfied with the warden's response, he may file an appeal to the BOP Regional Director within twenty (20) days. Id., § 542.15(a). Finally, if the inmate is

> dissatisfied with the Regional Director's response, that decision
> may then be appealed to the BOP Central Office within thirty (30)
> calendar days from the date of the Regional Director's response. *Id.*
> No administrative remedy appeal is considered to have been fully
> exhausted until rejected by the BOP's Central Office. 28 C.F.R. §
> 542, et seq.

Sanders v. Warden, supra,  2008 WL 4006755 at*2.

Respondent states that petitioner filed a grievance with the warden (MTD, Exh. 2), which was denied, but failed to appeal to the next level, the BOP Regional Director, though, respondent does not include any exhibits to support this assertion.  Petitioner states he submitted an appeal to the Regional Director but received no response.  Petitioner provides no exhibits to support this contention.  Petitioner later states he "believed he would not and could not obtain a response from the Regional Director, and that he could not effectively continue his administrative remedy to the Central Office without that response."  Opposition at 3.

In the further briefing order, the undersigned ordered respondent to file additional exhibits regarding petitioner's appeal history to demonstrate that petitioner actually failed to properly exhaust this claim and if no exhibits exist to shed light on this claim respondent should provide a declaration from the prison stating that there are no records that address these issues. Doc. 19.  Unfortunately, respondent's further briefing does not address this issue.

Essentially, the undersigned is faced with petitioner stating he did exhaust, or had a valid excuse not to, and respondent saying he did not exhaust, but neither party supporting their assertions with any evidence.  As there is insufficient evidence for the undersigned to rule on this aspect of the motion, no decision will be reached.

Jurisdiction

The Ninth Circuit in Reeb v. Thomas, 636 F.3d 1224, 1225 (9th Cir. 2011), recently visited the issue of federal review of eligibility of federal prisoners to participate in RDAP.  The Administrative Procedures Act (APA) "provides a cause of action for persons 'suffering legal wrong because of agency action, or adversely affected or aggrieved by agency

action within the meaning of a relevant statute,' but withdraws that cause of action to the extent

that the relevant statute 'preclude[s] judicial review' or the 'agency action is committed to

agency discretion by law.' " Reeb, at 1226 (citing 5 U.S.C. §§ 702–3.)  Here, Congress specified

that the APA does not apply to RDAP determinations.  18 U.S.C. § 3625; Reeb, at 1226.

("Congress specified in 18 U.S.C. § 3625, entitled Inapplicability of the Administrative

Procedure Act, that '[t]he provisions of sections 554 and 555 and 701 through 706 of [the APA]

do not apply to the making of any determination, decision, or order under [18 U.S .C. §§

3621–3625].' ")  The Ninth Circuit found that allowing federal prisoners to bring petitions for

habeas corpus under 28 U.S.C. § 2241 would be inconsistent with the clear language of the

statute.  Id. at 1227.  "Accordingly, we hold that federal courts lack jurisdiction to review the

BOP's individualized RDAP determinations made pursuant to 18 U.S.C. § 3621. . ." Id. at 1228.

        However, as petitioner's underlying offense involved a firearm, a threshold

question for an RDAP issue concerns whether the petitioner requested to participate in RDAP

prior to March 16, 2009, the date new regulations were instituted.[3]  On March 16, 2009, the BOP

implemented new regulations, 28 C.F.R. 550.55, which stated inmates whose current offense

involved the carrying, possession or use of a firearm or other dangerous weapon or explosive

were not eligible for RDAP early release.  The regulations prior to March 16, 2009, did not

articulate a rationale for categorically excluding from early release those inmates convicted of

nonviolent offenses involving firearms and were invalidated by the Ninth Circuit in Arrington v.

Daniels, 516 F.3d 1106 (9th Cir. 2008).[4]

\\\\

---

[3] Initially using the request date gives petitioner the benefit of every doubt in the law.  As explained, infra, the date of admission to the program is more likely the propr date with which to assess retroactivity concerns.

[4] Petitioner, here, unlike the petitioner in Arrington, does not attack the validity of the regulation *per se on account of improper promulgation.*  Petitioner argues only that he requested to be placed in the RDAP prior to the effective date of the operative regulations.

1        In the instant case, respondent argues that June 1, 2009, was the first time

2   petitioner requested RDAP and when it was later approved it was specifically noted that

3   petitioner would not be eligible for early release due to the new regulations.  Petitioner does not

4   offer a specific day when he first requested RDAP but argues that "it is a reasonable inference

5   that petitioner submitted his request for RDAP prior to 3/16/09."  Opposition at 5.  Petitioner

6   bases this contention on a response to an inmate appeal, where the BOP conceded that it did not

7   know the exact date of any earlier RDAP request, stating:

8           [Petitioner] requested to participate in RDAP via Request to staff (cop out).  Staff
            responded to his request on the form and returned it to him.  He was screened by
9           DTS in June 2009, no showed more than one appointment for his diagnostic
            interview, and then requested to delay being placed on the waiting list due to unit
10          team related concerns.  When asked, [petitioner] said he did not retain a copy of
            his cop out.  A copy is not included in his RDAP file, since it was returned to him.
11          Without the cop out to establish the date [petitioner] first applied to RDAP, we
            may have insufficient documentation to establish that he applied to RDAP under
12          the program statements in effect prior to March 16, 2009.

13  Opposition, Exh. A.

14       In the further briefing order, the court cited to the above passage and noted that

15  prison officials appeared possibly uncertain when petitioner first requested RDAP, and ordered

16  respondent to address this issue.  Unfortunately, respondent failed to address the above passage

17  and the court's questions.[5]

18       Nevertheless, the only exhibits before the court indicate that petitioner requested

19  RDAP after March 16, 2009.  MTD, Exhs. 4, 5.  When petitioner was accepted into the program

20  he was specifically informed that he would not obtain early release due to the new regulations.

21  MTD, Exh. 6.  Moreover, in the summer of 2010 while petitioner was participating in RDAP his

22  appeal was denied and he was again informed that he would not be eligible for early release.

23  MTD, Exh. 2.

24  \\\\

25  _____

26      [5] However, another reasonable interpretation of the decision is that the BOP simply
    desired not to have to make a final finding on whether petitioner was telling the truth or not.

1          While the evidence presented by respondent is not overwhelming, petitioner has

2  presented no evidence that he requested RDAP prior to March 16, 2009.  Petitioner merely

3  stating that it is a reasonable inference that he requested RDAP before March 16, 2009, without

4  any support, is insufficient, as the court need not accept legal conclusions "cast in the form of

5  factual allegations."  <u>Western Mining Council v. Watt</u>, 643 F.2d 618, 624 (9th Cir. 1981).

6          Moreover, the date on which petitioner's claimed reliance on the new regulations

7  would be effective, should not be considered the date of his request, but on the date of acceptance

8  into the RDAP with or without the conditions petitioner believes to have been improperly added.

9  Petitioner had expended nothing in reliance on the RDAP prior to the time he was accepted and

10  began the program.  His situation is analogous to a new employee who requested a job interview

11  when the position paid X, but was accepted and agreed to be employed when the job paid Y.

12  Simply making a request for a program gives no assurances or right to rely on the conditions in

13  effect at the time of the request.

14          Finally, petitioner cannot claim that he entered RDAP based upon a settled

15  expectation that he was eligible for early release.  <u>Bowen v. Hood</u>, 202 F.3d 1211, 1222 (9th Cir.

16  2000) (holding that the petitioners developed a settled expectation of early release eligibility

17  where the BOP notified petitioners that they were eligible for a sentence reduction under the

18  early release statute, and holding that the BOP upset those expectations when it revoked the

19  petitioners' eligibility for a sentence reduction based on a retroactive application of new rules).

20  As discussed above, it was clear that when he began RDAP, petitioner was aware he would not

21  be eligible for the early release.

22          The undersigned believes the factual record here to be sufficient to demonstrate

23  that petitioner may not benefit from the older regulations, and his claim is foreclosed by <u>Reeb v.</u>

24  <u>Thomas</u>, 636 F.3d 1224 (9th Cir. 2011), as the court does not have jurisdiction to review this

25  case.  <u>Id</u>. at 1228.  Therefore, this action should be dismissed.

26  \\\\

1    Accordingly, IT IS HEREBY ORDERED that the Clerk shall assign a district

2  judge to this case.

3    IT IS HEREBY RECOMMENDED that respondent's motion to dismiss (Doc. 17)

4  be granted for the reasons set forth above and this case dismissed.

5    These findings and recommendations are submitted to the United States District

6  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen

7  days after being served with these findings and recommendations, any party may file written

8  objections with the court and serve a copy on all parties.  Such a document should be captioned

9  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

10  shall be served and filed within fourteen days after service of the objections.  The parties are

11  advised that failure to file objections within the specified time may waive the right to appeal the

12  District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

13  DATED: November 14, 2011

     /s/ Gregory G. Hollows
14     UNITED STATES MAGISTRATE JUDGE

15  GGH: AB
    day0056.mtd

16

17

18

19

20

21

22

23

24

25

26