IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STEVEN DAY,

    Petitioner,   No. CIV S-11-0056 LKK GGH P

  vs.

RICHARD B. IVES,

    Respondent.   ORDER
_____/

    Petitioner is a federal prisoner proceeding pro se with an application for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

    On November 15, 2011, the magistrate judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within fourteen days. Petitioner has filed objections to the findings and recommendations.

    In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a <u>de novo</u> review of this case. Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and by proper analysis, except with respect to the magistrate judge's finding that the petition should

be dismissed because petitioner did not present sufficient evidence that he requested RDAP prior to March 16, 2009.

Upon filing of a habeas petition, "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall grant a prompt hearing thereon. The standard is essentially whether the movant has stated a claim on which relief could be granted, or, where affidavits have been submitted, whether summary judgment for the government is proper. United States v. Hearst, 638 F.2d 1190, 1194 (9th Cir. 1980). If the court finds that the "factual allegations are so palpably incredible, so patently frivolous or false," so as not to warrant relief or even a hearing, the court may dismiss the petition.

In this case, plaintiff alleged, in his Memorandum in Support of Petition, ECF No. 8, that "at sentencing on December 8, 2008, the defendant specifically requested, and the judge recommended participation and completion of RDAP. When I got to Dublin on or about January 16, 2009, I told the counselor there that I wanted RDAP. . . I arrived at Herlong FCI on or about January 28, 2009. . . I gave a written request to Counselor Roscoe, asking for RDAP."

In an affidavit signed and submitted by petitioner, ECF No. 13, petitioner asserts "I applied for the RDAP program in January 2009 when I first arrived at FCI Herlong."

Respondents submitted, as Exhibit 4 to their Motion to Dismiss, an copy of a request by petitioner to interview for RDAP. The request is dated June 1, 2009. In addition, respondents included with their motion a copy of the judgment against petitioner, dated December 16, 2008, which states "'The Court makes the following recommendations to the Bureau of Prisons: That the defendant participate in the Bureau of Prisons Drug Treatment Program." Ex. 3 to Defs.' Mot. to Dismiss, ECF No. 17-1. This is consistent with petitioner's assertion that he requested, and the judge recommended RDAP at sentencing. Further, Ex. 6 to the Motion to Dismiss is an "Inmate History," which, as the court understands it, indicates that on July 28, 2009 that drug intervention was requested, and that a judge recommended it. The document provides "DRG INTRV REQD: JUD RECOMMEND 01-29-2009"

With his opposition to the motion to dismiss, petitioner submitted an exhibit, labeled "BP-8 Response," which states "Without the cop out to establish the date Mr. Day first applied to RDAP, we may have insufficient documentation to establish that he applied to RDAP under the program statements in effect prior to March 16, 2009." Ex. A to Pl.'s Opp'n, ECF No. 18.

Magistrate Judge Hollows noted, based on the above passage, that prison officials appeared possibly uncertain when petitioner first requested RDAP, and ordered respondents to "address and file any exhibits that are necessary which discuss if petitioner did or did not request RDAP prior to March 16, 2009." September 20, 2011 Order at 4, ECF No. 19. In their response, respondents asserted "Petitioner first presented his request to be interviewed for RDAP on June 1, 2009, and cited to a declaration by DAP Coordinator Lori Russell stating the same. Response to Court Order, ECF No. 23; Decl. Russel, ECF No. 23-1. Respondents did not state whether any exhibits exist which discuss if petitioner did or did not request RDAP prior to March 16, 2009.

The magistrate judge concluded, in his findings and recommendations, that "petitioner has presented no evidence that he requested RDAP prior to March 16, 2009." Findings and Recommendations 8, ECF No. 24.

The court concludes that the petitioner has submitted evidence, in the form of an affidavit filed on July 11, 2011, ECF No. 13, that he requested RDAP in January, 2009. Additionally, it appears to the court, based on the judgment against petitioner, and on the "Inmate History" filed by respondents, that petitioner requested RDAP at sentencing, and on January 28, 2009.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed November 15, 2011, are adopted except with respect to the magistrate judge's finding that the petition should be dismissed because petitioner did not present sufficient evidence that he requested RDAP prior to March 16, 2009.

2. Respondent's motion to dismiss (Doc. 17) is DENIED.

3. The matter is REMANDED to the magistrate judge for further proceedings

3

consistent with this order.

DATED: January 30, 2012.

/s/ Lawrence K. Karlton
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT